UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-80166-CR-DMM

UNITED STATES OF AMERICA,
            Plaintiff,

v.

NICHOLAS WUKOSON,
            Defendant.
_____/

## GOVERNMENT'S RESPONSE TO THE MOTION TO WITHDRAW PLEAS OF GUILTY (DE 27)

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, who does not object to the defendant's motion to withdraw his plea of guilty to count one of the indictment (DE 27) only for the reason listed below, and states as follows:

**Factual and Procedural History**

On December 4, 2017, a search warrant was executed at the defendant's residence based upon accessing of child pornography from the residence.  On as early as December 7, 2017 (3 days after the execution of a search warrant at the Defendant's residence), Douglas J. Rudman advised the Federal Bureau of Investigation (FBI) that he represented the defendant.  Over the next six months, the FBI conducted its preliminary forensic and witness interviews in order to determine whether there was probable cause for the defendant's arrest.  On July 12, 2018, the undersigned, FBI agents, Mr. Rudman, Mr. Rudman's associate and the defendant met to discuss criminal charges of the defendant, including possession of child pornography, receipt of child pornography, and distribution of child pornography.  The facts of the case were discussed, as the

1

government knew them.  It was disclosed that the defendant's son was interviewed which may allow the government to charge the defendant with obstruction of justice.  The undersigned provided Mr. Rudman and the defendant the possible maximum and minimum sentences regarding possession of child pornography, receipt of child pornography, distribution of child pornography, and obstruction of justice.  Potential sentence guideline ranges for the charges were also discussed. The defendant was then excused from the meeting and the remaining five people in the room viewed dozens of images of child pornography extracted from the defendant's devices. The government offered, in exchange for a plea of guilty to one count of possession of child pornography, no other charges in relation to this investigation would be filed, and the government would cease its forensic investigation into the defendant's computers.  On August 13, 2018, the defendant advised, through counsel, his intent to plea guilty to possession of child pornography, in part because there would be no minimum mandatory prison sentence, the length of time to register as a sex offender would be less, and his son would not be subject to being called as a witness.

On August 29, 2018, the defendant appeared in federal magistrate court for an initial appearance and arraignment on an Information charging defendant with a violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2) (DE 1).  The defendant appeared in court with attorney Douglas J. Rudman, Esq.  Mr. Rudman filed a notice of appearance on the defendant's behalf (DE 3).  At the same hearing, the Court set a $100,000 personal surety bond with cosigns and secured by property (DE 6).  On August 29, 2018, the initial response to the standing discovery order was filed by the government (DE 4).  Thereafter, on August 31, 2018, the court entered an order scheduling trial of the case to commence on October 1, 2018 (DE 7).

Later that day, on August 31, 2018, a notice of change of plea hearing was issued (DE 8)

and the change of plea was heard on September 26, 2018 (DE 10).  At that time, the defendant entered a plea of guilty with plea agreement and stipulated factual proffer (DE 11, 12).  At the change of plea hearing, the defendant, present with his attorney, Mr. Rudman was, placed under oath.  Defendant was asked a series of questions which are required for the court to determine whether the entry of a plea of guilty is knowing and voluntary as required by Rule 11 of the Federal Rules of Criminal Procedure.  During the colloquy with the court, defendant stated that he had sufficient time to discuss the charges with counsel, the evidence the government would present at trial, and any potential defenses.  Defendant went on to acknowledge the terms of the plea agreement.  Thereafter the court discussed the rights defendant was foregoing by pleading guilty including the right to a jury trial.  In addition, defendant acknowledged the stipulated factual proffer in support of the guilty plea as a true and correct recitation of the facts of the case.  At the conclusion of the colloquy, the court found that defendant had entered his pleas of guilty freely and voluntarily.

The Court thereafter scheduled sentencing for December 6, 2018 (DE 13).  On November 1, 2018, the probation department issued the draft disclosure of presentence investigation report (DE 19).  On November 10, 2018, upon speaking with probation, the undersigned provided the Palm Beach County Child Protection Team video-recorded interview of the defendant's son on an encrypted disk, and the same to Mr. Rudman.  Two days later, Mr. Rudman requested the password to the encrypted disk.

On November 14, 2018, the defendant filed an agreed motion to continue the sentencing hearing (DE 20), which the Court denied (DE 21).  On November 20, 2018, the defendant filed his objections to the pre-trial sentence report (DE 22).

On November 26, 2018, attorney Michael B. Cohen filed a notice of appearance on behalf

of the defendant (DE 24).  That same day, Mr. Cohen filed an unopposed motion to continue the sentencing hearing (DE 23) which the Court denied (DE 26).  Mr. Cohen also filed a stipulation of substitution of counsel signed by himself and Mr. Rudman (DE 25).

Then, on November 28, 2018, the instant motion to withdraw the plea of guilty was filed. Mr. Rudman filed a motion to withdraw as attorney for the defendant (DE 29), which the Court granted (DE 33).  Mr. Cohen filed a subsequent motion to continue the sentencing (DE 28), which the Court granted, resetting the sentencing to January 11, 2019 (DE 31).

The defendant's motion alleges the following reasons that the plea should be withdrawn: 1) the defendant plead guilty to protect his son without Mr. Rudman having received or reviewed the video interview of the defendant's son; 2) the defendant was advised he was prohibited from reviewing the child pornography images; 3) the defendant was not shown the digital extraction reports from the suspect computers; 4) Mr. Rudman failed to hire a digital forensic expert; 5) the defendant requested of counsel that he be allowed to plea guilty to unknowing possession of child pornography and was advised that knowing or unknowing does not affect the change; 6) the polygraph and expert evaluation of the defendant, after the plea, indicated the defendant was not a risk to children; 7) Mr. Rudman did not investigate the defendant's family including the defendant's son's mother, his daughter's mother, his daughter's maternal grandfather, or his daughter's maternal uncle; 8) the defendant was advised that pleading guilty would protect his son; 9) Mr. Rudman advised that the "government can do whatever they want" and "turn over whatever they want" regarding discovery; 10) the defendant saw the plea agreement only minutes before the plea and had issues with it; 11) Mr. Rudman advised the defendant there was a good chance he would get probation; and 12) conditions changed after the guilty plea was made.

**Argument**

A defendant may withdraw his plea before sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The defendant bears the burden of showing that he is entitled to withdraw his guilty plea. *United States v. Izquiredo*, 448 F.3d 1269, 1276 (11th Cir. 2006). There are a number of factors for the Court to consider in deciding whether the defendant has met his burden of showing a just and fair reason to withdraw his guilty plea. They are: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 472 (citation omitted).[1]   In addition, the Eleventh Circuit has said to "also consider[ ] [5] the defendant's admission of factual guilt at the Rule 11 hearing and [6] the timing of the motion to withdraw" as part of the Rule 11(d) inquiry. *Cesa*, 391 F.3d at 1179.

The defendant alleges, in his first issue, that his plea should be withdrawn because neither Mr. Rudman, nor the defendant, received or reviewed a copy of the defendant's son's videotaped interview with the child protection services. This video was provided to probation and Mr. Rudman after the preliminary PSR was released so probation could have more details about the defendant's son, in order to gain more information regarding the sentencing enhancement for obstruction of justice. The video-recorded interview of the defendant's son was considered Jencks' material at the time it was received, and, in the government's review of it, was not required to be produced until and if the witness testified at trial. The same was only provided because the

---

[1] "If the defendant received close assistance of counsel and entered the plea knowingly and voluntarily, a court need not give considerable weight to the remaining factors." *United States v. Hurwitz*, 276 F. App'x 967, 968 (11th Cir. 2008); *see also United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

probation department wished to have more information about whether an enhancement for obstruction should apply in this case.

The government, during its reverse proffer to Mr. Rudman and the defendant on July 12, 2018, provided an oral summary of the defendant's son's statement.  The government provided that the son admitted to searching for pornography similar to his age using the new computer and his own phone.  The government further provided that: the son said he had told his father in the day immediately after the search warrant, in front of his father's friends, that he (the son) had looked up "things" on the computer; the defendant told his son that the son could relay that information to the FBI (and inquired if his son would do so); the defendant said it was "bad stuff" and that the defendant might get arrested.  The government further advised Mr. Rudman and the defendant that if the case proceeded to trial, the government would likely call the son to testify as a witness.

In the statement itself, the son, at the time, in the 7th grade, gave a recantation of the execution of the search warrant at the defendant's residence, where he was present.  The son admitted searching for "13 year old girls, naked" a few times during the months preceding the execution of the search warrant on his dad's new computer and his own cellular phone.  There were also private conversations between the defendant and his son in which the defendant questioned what the son would tell the FBI.  Upon leaving a room in which they spoke privately, the defendant told his son to tell the defendant's friend what they spoke about, and the son said, "yeah, I was looking at girls."  The son further advised he used Bit Torrent on the newer computer, but not the older computer, one 1 occasion.

The facts of this case yielded evidence that both the defendant's new computer as well as the old computer (the latter found in his closet) contained child pornography.  The son said he

never used the old computer.  Despite the government's contention that this does not amount to material that would exonerate the defendant as he was charged with possession of child pornography as to both computers, upon further review and consideration, there is a likelihood that had the defendant reviewed the son's videotaped interview before his plea, he may not have entered a guilty plea.

For the foregoing reasons, the governments agrees that the defendant's motion to withdraw his plea should be granted.  The government will not respond to the other eleven reasons for the motion to withdraw as it is not necessary given the facts and circumstances outlined above for the first basis to withdraw the guilty plea.

Respectfully Submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY


*s/ Gregory Schiller*
By:   GREGORY SCHILLER
ASSISTANT U.S. ATTORNEY
FLA. BAR NO. 0648477
500 Australian Avenue, Suite 400
West Palm Beach, FL 33401
(561) 209-1045
Gregory.Schiller@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 31 day of December, 2018, I electronically filed the Government's response to defendant's motion to withdraw his pleas of guilty found at docket entry 27, with the Clerk of the Court using CM/ECF.

<u> s/Gregory Schiller</u>
GREGORY SCHILLER
ASSISTANT UNITED STATES ATTORNEY