UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-80166-MIDDLEBROOKS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| NICHOLAS WUKOSON, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**UNITED STATES' MOTION *IN LIMINE*
REGARDING ADMISSIBILITY OF TRADE INSCRIPTIONS**

The United States of America moves *in limine* for a pretrial ruling from the Court that the trade inscriptions affixed to defendant's external hard drive are self-authenticating and admissible at trial, and states as follows:

**Factual Summary**

During the trial of this case, the United States will seek to admit several items of computer and electronic media, including a black HP laptop and a silver HP laptop that were a product a foreign country and manufactured in a foreign country.  These items were seized from defendant's residence December 4, 2017.  Defendant used these devices to download and store the child pornography he is charged with.  These items contain, among other things, images and videos of children engaged in sexually explicit conduct, which form the basis of Count one through six. Defendant was provided with notice and information regarding these items in discovery on August 29, 2018 (DE 4), and again through a notice of expert testimony filed on February 27, 2019 (DE 51).  In February and March 2019, a defense expert met with the FBI agents in West Palm Beach and had the opportunity to examine data from these devices.

At trial, the United States must prove that the depictions of child pornography were

"produced using materials that have been mailed, shipped and transported in and affecting interstate and foreign commerce."[1]  *See* DE 1; 18 U.S.C. § 2251(a).  The black HP laptop and the silver HP laptop both have inscriptions that they did not originate in the United States.  To avoid the expense of calling several out-of-state witnesses from the manufacturers of these items and further to streamline the presentation of evidence at trial, the United States will seek to offer this evidence pursuant to F.R.E. 902(7) and F.R.E. 807.

## Memorandum of Law

Under the Federal Rules of Evidence, the possibility of fraud, forgery and mis-attribution of certain documents or items is so slight that general requirement of authentication by extrinsic evidence called for by F.R.E. 901 is dispensed with.  *See United States v. Howard-Arias*, 679 F.2d 363, 366 (4th Cir. 1982).  Several types of documents and items have been specifically singled out from the requirement of authentication under F.R.E. 902, which, in relevant part, provides:

*Self-authentication*

---

[1] *See* 18 U.S.C. § 2251(a).  This alternative jurisdictional element was added to Section 2251(a) by the Protection of Children From Sexual Predators Act of 1998.  Pub. L. 105-314, Title II, § 201, Oct. 30, 1998, 112 Stat. 2977; *see also United States v. Kapordelis*, 569 F.3d 1291, 1306 n.12 (11th Cir. 2009).  The title of Section 201 of this Act, "Additional Jurisdictional Base for Prosecution of Production of Child Pornography," is descriptive and indicative of the congressional intent behind this amendment.  The House of Representatives Report for the underlying bill noted that it "allows for the prosecution of pornography cases *where materials used to make child pornography were transported through interstate commerce*."  H.R. Rep. 105-557, 10, 1998 U.S.C.C.A.N. 678 (italics added).  Since the 1998 amendment adding this "additional jurisdictional base," the Eleventh Circuit has repeatedly held that the United States can satisfy this interstate commerce requirement of child pornography statutes by showing that the computer media on which the images were stored traveled in interstate commerce, regardless of how the images themselves were originally produced.  *United States v. Maxwell*, 446 F.3d 1210, 1211-12, 1219 (11th Cir. 2006); *see also United States v. Penton*, 380 (continued) F. App'x 818, 820-21 (11th Cir. 2010) (in child pornography production case, holding that government can satisfy the interstate commerce requirement of child pornography statutes by showing that the computer equipment on which the images are stored traveled in interstate commerce, regardless of how the images were originally produced); and *United States v. Smith*, 459 F.3d 1276, 1289 (11th Cir. 2006).

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
>> (7) Trade inscriptions and the like. Inscriptions, signs, tags, or labels purporting to have been affixed in the course of business and indicating ownership, control, or origin.

*Id.* This exception to F.R.E. 901 has been recognized and applied by courts to the following items: **documents**, *see Alexander v. CareSource*, 576 F.3d 551, 561 (6th Cir. 2009) (holding that a document marked with a trade inscription indicating the source of origin of the document was self-authenticating under F.R.E. 902(7)); **business letters and emails**, *see Lorraine v. Markel Am. Ins. Co.,* 241 F.R.D. 534, 551-52 (D. Md. 2007) (holding that business emails containing identifying marks of company are self-authenticated), *Olson v. J.J. Marshall & Assoc.*, 2009 WL 3347420, 4 (E.D. Ky. Oct. 13, 2009) (unreported) (holding letters containing business letterhead were self-authenticating), and *Reitz v. City of Mt. Juliet*, 2009 WL 5170200, 5 (M.D. Tenn. Dec. 18, 2009) (holding letters written on company's letterhead were self-authenticating); **firearms**, *see United States v. Alvarez*, 972 F.2d 1000, 1004 (9th Cir. 1992) (holding a manufacturer's inscription on a firearm was not subject to the hearsay rule and properly admitted as evidence that it had been manufactured in Spain); **markings on the opening frames of a news broadcast**, *see L.A. News Serv. v. CBS Broad., Inc.* 305 F.3d 924, 935 (9th Cir. 2002) (holding that identifying slate that appeared on opening frames of videotape of news footage was self-authenticating under F.R.E. 902(7)); **tapes**, *see Fenton v. Sterling Plumbing Grp. Inc.*, 21 F.3d 1113, *3 n.2 (9th Cir. 1994) (holding tapes that carry company's logo were self-authenticating under F.R.E. 902(7)); **computers and flash drives**, *see ACCO Brands, Inc. v. PC Guardian Anti-Theft Prods.*, 592 F. Supp. 2d 1208, 1219 (N.D. Cal. 2008) (holding inscriptions on computers were self-authenticating under F.R.E. 902(7) because computers were inscribed with manufacturer's trade name ("Macintosh Portable")); and *United States v. Koch*, 625 F.3d 470 (8th Cir. 2010) (rejecting claim

that manufacturer's inscription on computer and flash drive were inadmissible hearsay).

Other courts have admitted such information inscribed on products into evidence at trial: **tents**, *see Solano v. A Navas Party Prod. Inc.*, 2011 WL 98819, *14 (S.D. Fla. Jan. 12, 2011) (testimony about labels affixed to tents stating that they were manufactured in Indiana was admissible based on reliability and convenience); **cameras**, *see United States v. Fox*, 357 F. App'x 64, 65 (9th Cir. 2009) (introducing cameras' country-of-origin labels, that indicated that they were manufactured overseas, sufficed to prove that the cameras moved in foreign commerce); **cellular telephones and memory cards**, *see United States v. Scott*, 2014 WL 2808802, 4 (E.D. Va. Jun. 20, 2014) (holding that "Made in China" and "Made in Korea" inscriptions on cellphones and a memory card were self-authenticating under F.R.E. 902(7), were not hearsay statements, and were admissible). Indeed, because the trade inscriptions are simply a part of the physical evidence in the case – the black external hard drive – they are not "statements" within the meaning of F.R.E. 801. *See Alvarez*, 972 F.2d at 1004 ("[T]he evidence consisting of a manufacturer's inscription on a firearm is not an assertion subject to the hearsay rule."); and *United States v. Gutierrez*, 625 F. App'x 888, 895-96 (10th Cir. 2015) (in child pornography production case, cellular telephones and digital cameras stamped "made in China" were properly admitted into evidence; manufacturer's markings were not hearsay and were not testimonial in nature).

Assuming *arguendo* that the inscriptions on the computers are hearsay, they are nonetheless properly admissible under the "residual exception" to the rule against hearsay in F.R.E. 807(a). Rule 807(a) provides that:

> Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
>
> (1) the statement has equivalent circumstantial guarantees of trustworthiness;

>(2) it is offered as evidence of a material fact;
>
>(3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>
>(4) admitting it will best serve the purposes of these rules and the interests of justice.

F.R.E. 807(a). In this case, these four requirements are satisfied. *See Scott*, 2014 WL 2808802 at 4 (holding that "Made in China" and "Made in Korea" inscriptions on cellphones and a memory card were also admissible under Rule 807). Other well-reasoned decisions in recent child pornography cases are in accord. *See United States v. Burdulis*, 753 F.3d 255, 263 (1st Cir. 2014) (in child pornography case, court determined that "Made in China" inscription on thumb drive was self-authenticating under F.R.E. 902(7) and admissible under F.R.E. 807; court noted that "[c]ommon sense, too, suggests a low probability that someone would stamp "Made in China" on a device made in the United States and presumably marketed here"); and *United States v. Saguil*, 600 F. App'x 945, 946-47 (5th Cir. 2015) (in child pornography production case, court determined that manufacturer's inscription "Made in Japan" on a Sony video camera was properly admitted under F.R.E. 807).

In *United States v. Brown*, 2009 WL 2090193 (S.D. Ind. July 13, 2009), the district court dealt with this issue in a child pornography case. The prosecution moved *in limine* to admit a trade inscription on a computer hard drive that stated "Product of Malaysia." *Id.* at *10. The court granted the motion, finding that the trade inscription was self-authenticating, not hearsay, and simply part of the physical evidence in the case. *Id.* at *11. More recently in *Saguil*, 600 F. App'x 945, the Fifth Circuit, in a child pornography production case, found the manufacturer's inscription statement "Made in Japan" affixed to the bottom of a Sony video camera to be self-authenticating. The court noted that there was no abuse of discretion under a hearsay exception

5

theory or a circumstantial physical evidence theory for admitting the inscription. *Id.* Under the residual exception to the hearsay rule, the inscription would be admissible. *Id.* On the other hand, the court noted that if the inscription were circumstantial physical evidence then it would still be admissible because "the manufacturer's inscription would be sufficient to show the requisite nexus with interstate commerce." *Id.*

Assuming that a proper foundation is laid by the United States at trial as to the connection of defendant's two computers to counts one or two or three or four or five or six or seven, of the indictment, the trade inscriptions thereon are directly relevant to 18 U.S.C. § 2251(a)'s element requiring that the visual depictions were produced or attempted to be produced "using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means." But for these trade inscriptions that conclusively prove country-of-origin, the United States would call representatives from the various manufacturers at considerable expense and elicit evidence and testimony that this item was manufactured in countries other than the United States. However, pursuant to F.R.E. 902(7), F.R.E. 807, and the case authority set forth above, the trade inscriptions on the exterior of this item provides a sufficient basis for their admission without the necessity of extrinsic evidence of authenticity. Such procedure would save taxpayer funds, conserve prosecutorial and judicial resources, and would expedite the presentation of evidence at trial.

WHEREFORE, the United States seeks a pretrial ruling from the Court, that pursuant to F.R.E. 902(7) and F.R.E. 807, the trade inscriptions on defendant's black HP laptop and silver HP laptop are self-authenticating as to their origin of manufacture, and that no additional extrinsic

evidence of authenticity is necessary for their admission into evidence at trial.

>Respectfully submitted,
>
>ARIANA FAJARDO ORSHAN
>United States Attorney
>
>
>By: *s/ Gregory Schiller*
>GREGORY SCHILLER
>Assistant United States Attorney
>Florida Bar Number 0648477
>500 S. Australian Ave., Suite 400
>West Palm Beach, Florida 33487
>Telephone:     (561) 209-20145
>E-mail: gregory.schiller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the attorneys of record.

>*s/ Gregory Schiller*
>GREGORY SCHILLER
>Assistant United States Attorney