UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-CR-80166-DMM

UNITED STATES OF AMERICA
        Plaintiff,
v.

NICHALOS WUKOSON,
        Defendant.
_____/

## RESPONSE TO GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE OTHER EVIDENCE PURSUANT TO RULE 404(b) AND AS EXTRINSIC EVIDENCE

COMES NOW, the Defendant, NICHOLAS WUKOSON, by and through undersigned counsel, who requests this Court exclude from the government's case certain proffered 404(b) evidence. As grounds for this request, Defendant states the following:

1. The Government has indicated in its notice that it wants to introduce multiple videos and photos of child pornography outside the parameters of the charges set for this in its superseding Indictment.

2. The proffered evidence does not meet the test for admissibility as established in *Huddleston v. United States,* 108 S.Ct. 1496 (1988), requiring its exclusion from trial.

## MEMORANDUM OF LAW

Rule 404(b), Fed.R.Evid. provides that under certain circumstances evidence of other crimes may be admissible to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. In *Huddleston*, the Supreme Court set the guidelines for the admission of such evidence: the evidence must be offered for one or more of the reasons enumerated in the statute; the evidence must be relevant to an issue being contested; and the evidence must withstand Rule 403 scrutiny. 108 S.Ct. at 1502.

The government has the burden of demonstrating how the other crimes evidence is relevant to an issue in the case. A broad statement merely invoking Rule 404(b) will not suffice. *United States v. Riviera,* 837 F.2d 906 (10thCir. 1988).

Here the evidence is so prejudicial that its probative value is outweighed by its probative value.

The Defendant is willing to stipulate that child pornography in whatever amount the government asserts was found on the Defendant's computers.

However, the defense asserts, the Defendant did not download this child pornography and that there is no basis to identify the Defendant as the perpetrator of this crime and thus this evidence outside the confines of the Superseding Indictment should not be admitted.

To allow the Jury to view this vast amount of material unrelated to this Defendant would unduly prejudice the Defense.

WHEREFORE for the reasons stated herein, Defendant requests this Court grant this Motion in Limine and proscribe the Government from introducing evidence unrelated to the charges in the Superseding Indictment.

Dated: March 20, 2019

Respectfully submitted,

Michael B. Cohen, Esq.
*/s/ Michael B Cohen*
Michael B. Cohen, Esq.
Florida Bar No: 210196
6400 North Andrews Ave., Ste 505
Fort Lauderdale, Florida 33309
Ph (954) 928-0059
Email: Mcohenlaw@aol.com