UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80166-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

v.

NICHALOS WUKOSON

               Defendant.
_____/

## GOVERNMENT'S MOTION IN LIMINE RE: ADMISSIBILITY OF SUMMARIES OF DATA PURSUANT TO FEDERAL RULE OF EVIDENCE 1006

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and hereby files this Motion in Limine concerning its intent to seek admission into evidence, testimony, and exhibits summarizing undercover download logs; phone SMS, MMS, call, and GPS records, computer Prefetch data, and historical cellular tower data.

The summaries, which compile and streamline the contents of a substantial amount of undercover child pornography download logs; the defendant's phone SMS, MMS, call and GPS records; Prefetch data from both the silver HP and black HP laptops; and historical cellular tower data obtained regarding the defendant's son's cellular phone, do not consist of argument and are admissible. *See United States v. Sanchez*, 586 F.3d 918, 929 (11th Cir. 2009); *United States v. Feliciano*, 300 Fed. App'x 795, 800 (11th Cir. Nov. 25, 2008). The summaries of the undercover child pornography download logs will allow the witnesses to talk about thousands of records through the course of several pages. The summaries of the defendant's phone SMS, MMS, call and GPS records will obviate the necessity of putting into evidence and combing through

thousands of lines of text messages, calls and GPS data in front of the jury. The summaries of the Prefetch data from both the silver HP and black HP laptops, create the same time-saving effect. The historical cellular tower data obtained regarding the defendant's son's cellular phone is over 1000 pages in length. The summary charts will allow the witness to talk through these records in a more clear and precise manner than.

In their entirety the records are difficult to follow in that they are voluminous, consisting of ten's of thousands of pages in many documents. By combining them into summary exhibits, the jury will not be forced to go back and forth between multiple documents in excess of one-hundred times.

"The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Fed. R. Evid. 1006. In this case, the government has caused to be prepared, through its witnesses the following:

1. A summary list of the 98 folder titles that contain the downloads or attempted downloads of child pornography from the defendant's computer;
2. A summary list of those same 98 folders identifying which download attempt was successful or unsuccessful;
3. A summary list of the 24 dates and time ranges that encompass the 98 attempted download periods;
4. A summary of the nine (9) videos files from the downloads of child pornography that are charged in counts 3-6;
5. Eighteen (18) summaries from the defenadnt's Galaxy S6 and iPhone 6s phones including SMS, MMS, call and GPS logs for the following dates in 2017: June 27,

      August, 5, August 6, August 14, August 15, August 16, August 18, August 20, September 3, September 4, September 25, October 23, November 5, November 13, November 15, November 16, November 24, and November 26;

6. A summary of the Prefetch files identified on the silver HP laptop from September 3, 2017 through November 29, 2017; and on the black HP laptop from September 5, 2016 through February 4, 2017;

7. A summary of 39 folders, images or videos downloaded by the FBI from the defendant's computer, containing child pornography, and the location of those folders within the defendant's silver HP computer;

8. Fifteen (15) screen captures from the Silver HP laptop of the desktop, the Firefox internet browser, favorites, user folders, download and documents folders, VLC media player lists; and

9. Thirteen (13) summary slides of the cellular tower data in relation to the defendant's son's phone.

The underlying records upon which the summary is based were disclosed well in advance of trial and will be admitted into evidence by the government. The government submits these summaries are admissible. The summaries will be provided to Defense counsel upon its completion and readiness for trial.

The government anticipates that introduction of this evidence pursuant to the above-cited rules will expedite the length of the trial and ease the jury in following along with the evidence.

                                                Respectfully submitted,

                                                ARIANA FAJARDO ORSHAN
                                                UNITED STATES ATTORNEY

                       By:  s/ *GREGORY SCHILLER*
                               Gregory Schiller
                               Assistant United States Attorney
                               Fla. Bar. A5501296
                               500 S. Australian Ave., Suite 400
                               West Palm Beach, FL 33041
                               P: 561-209-1045
                               E: gregory.schiller@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 21, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                   *s/Gregory Schiller*
                                   GREGORY SCHILLER
                                   Assistant United States Attorney