UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-80166-Middlebrooks

UNITED STATES OF AMERICA

vs.

NICHOLAS WUKOSON,

        **Defendant.**

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and Nicholas Wukoson (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1-7 of the Superseding Indictment. Counts 1 through 6 charge the defendant with possession of child pornography involving a prepubescent minor or a minor who has not attained the age of twelve, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2). Count 7 charges the defendant with witness tampering, in violation of Title 18, United States Code, Section 1512(c)(2).

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from

Page 1 of 7

the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.

3. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant understands and acknowledges that the Court may impose, as to Counts 1 – 6 a statutory maximum term of 20 years in prison, followed by a minimum term of 5 years' supervised release up to a maximum term of life. As to Count 7, the Court may impose a maximum term of 20 years in prison, followed by supervised release of up to 5 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, and must impose a $100 special assessment as to each count. The defendant also understands and agrees that the Court will order the defendant to pay restitution to any identified victims. The amount of restitution will be determined no later than 90 days after the sentencing hearing in this case.

5. In this case, however, the United States agree to recommend that the defendant be, as to the term of years of imprisonment, sentenced to no more than 4 years' imprisonment. ~~If a~~At the time of sentencing, the United States will not be required to make this motion and recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete

disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

6. Pursuant to 18 U.S.C. § 3014(a)(3), in addition to the assessment under 18 U.S.C. § 3013, the court shall assess the amount of $5000 for an offense under chapter 110 so long as he is not determined to be indigent. The $5000 shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions in this matter.

7. Defendant agrees to forfeit to the United States, voluntarily and immediately, all of his right, title and interest in the following property, which is subject to forfeiture pursuant to Title 18, United States Code, Section 2253:

    a. one (1) silver HP laptop, serial number 5CD6510165, and

    b. one (1) black HP laptop, serial number 5CD51334FQ.

8. The defendant agrees that the above-listed property represents a visual depiction of a minor engaged in sexually explicit conduct, or a book, magazine, periodical, film, videotape, or other matter, which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of the law, or property that was used or intended to be used to commit or to promote the commission of the offense to which the defendant is pleading guilty.

9. Defendant further agrees to fully cooperate and assist the Government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, the surrender of documents of title, execution of any

documents necessary to transfer his interest in any of the above property to the United States, execution of a consent to forfeiture or other documents as may be needed to fully accomplish the forfeiture and vest title in the United States.

10. Defendant further knowingly and voluntarily waives the following rights as to property subject to forfeiture: (1) all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding; (2) any judicial or administrative notice of forfeiture and related deadlines; (3) any jeopardy defense or claim of double jeopardy, whether constitutional or statutory; (4) any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the property by the United States; and (5) any right to appeal any order of forfeiture entered by the Court pursuant to this plea agreement. Defendant further understands that the forfeiture of the property shall not be treated as satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this court may impose on the defendant.

11. Pursuant to 18 U.S.C. § 3663A(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, the parties agree that restitution is not limited to Counts 1 through 6, the offenses of conviction in this case. The defendant agrees to pay restitution to the victims of child pornography uncovered from the defendant's digital devices, who will be identified when it becomes known to the government, either at or before the sentencing or restitution hearings. The defendant further agrees that restitution is due to the victims of child pornography for offenses listed in 18 U.S.C. § 3663A(c)(1)(A), that are not the charged offenses of conviction, but nonetheless gave rise to this plea agreement. The defendant agrees to pay three thousand dollars ($3000 USD) to each identified and requesting victim of child pornography.

12. The defendant understands that an unanticipated number of restitution orders or

amount of restitution will not serve as grounds to withdraw defendant's guilty plea. The defendant further agrees to comply with any restitution order entered into at the time of sentencing or restitution hearing. The defendant further agrees that he will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. The defendant agrees to make full restitution for the provable losses caused by defendant's activities.

13. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

14. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.

15. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing, or the Court declines to follow the parties' joint sentencing

recommendation. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney.

16. The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison, as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in Florida following release from prison, the defendant will be subject to the registration requirements of Fla. Stat. § 943.0435. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

17. As a condition of supervised release, the defendant shall register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of

federal and state sex offender registration laws, including the requirement to update defendant's registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

18.   This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 3/22/19        By: _____
                          GREGORY SCHILLER
                          ASSISTANT UNITED STATES ATTORNEY

Date: 3/22/19        By: _____
                          MICHAEL COHEN, ESQ.
                          ATTORNEY FOR DEFENDANT

Date: 3/22/19        By: _____
                          ALAN SCHLESINGER, ESQ.
                          ATTORNEY FOR DEFENDANT

Date: 3/22/19        By: _____
                          NICHOLAS WUKOSON
                          DEFENDANT