UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-80166-Middlebrooks

UNITED STATES OF AMERICA

vs.

NICHOLAS WUKOSON,

        Defendant.

_____/

**FACTUAL PROFFER**

The United States of America and NICHOLAS WUKOSON ("Defendant" or "WUKOSON") agree that had this case gone to trial, the United States would have proven the following facts beyond a reasonable doubt:

1.    Between June 24, 2017 and November 26, 2017, a Federal Bureau of Investigations (FBI) agent, while working in an undercover capacity, utilized a Bit Torrent law enforcement network client program to acquire downloads of actual child pornography from the IP address that would later resolve to WUKOSON. The Bit Torrent network can be accessed by peer/client computers via many different Bit Torrent network client (software) programs, including, for example, Bit Torrent and uTorrent, among others. These client programs are publically available and typically free peer-to-peer client software programs that can be downloaded from the Internet.

2.    On September 25, 2017, the agent successfully completed the download of image and video files depicting child pornography that the computer at the IP address 75.74.212.126 was making available. FBI agents reviewed the files and determined that the files depicted children under the age of eighteen (18) engaged in sexual acts and/or poses consistent with child

pornography. Some of the files exhibited pre-pubescent children, under age twelve, being sexually abused. Three (3) such video files were as follows:

    a.    File name: (Pthc) 10yo Irisa-Anal.mpg. This video depicted a prepubescent female on all four's with what appears to be the hands of an adult male touching the girl's anus and vagina with an unknown object. Later, an adult male penetrated a prepubescent girl with his penis while the girl is on all fours and then while the adult male was laying down.

    b.    File name: (Pthc) Lily 10Yo Takes It Fully – 8m39S.avi. This video depicted an adult male digitally and orally penetrating a prepubescent female's vagina and then the adult male had vaginal sex with the juvenile female.

    c.    File name: Russian Lolita 13yp- SaMix (PTHC)(R@ygold).mpg. This video compilation depicted multiple juvenile females manually stimulating adult men, performing oral sex on adult men, having vaginal sex with adult men, and the juveniles being digitally and orally penetrate by adult men.

3.    Successful downloads of images and videos of child pornography also occurred on August 14, 2017, August 15, 2017 and November 14, 2017 from the computer using the IP address 75.74.212.126.

4.    Results from an administrative subpoena issued to Comcast for the dates and times the files were downloaded, revealed that IP address 75.74.212.126 was assigned to WUKOSON's home address in Jupiter, Florida.

5.    On December 4, 2017, agents executed a federal search warrant at 807 University Boulevard, Apartment 104, Jupiter, Florida, 33458. WUKOSON was present. FBI agents found a silver HP laptop, serial number 5CD6510165. Post-*Miranda*, WUKOSON admitted this to be his computer. While interviewing WUKOSON, the agents further uncovered a black HP laptop,

serial number 5CD51334FQ, in the closet that appeared to be broken. When confronted about this device, which WUKOSON did not originally disclose, WUKOSON later advised it belonged to him and had broken some time earlier.

6. On the silver HP laptop, serial number 5CD6510165 (the newer computer), the following search terms were uncovered: "little girls swim wear," "pretty girls ages 12-13," "nude teenxxx," and "real teenage girls." Located in the recycle bin were over 1000 images of "LS models." More than 300 were posed images of what of children in sexually explicit conduct wherein the genitals were indecently exposed and displayed in a lascivious exhibition. There were also 140 videos of suspected child pornography located in the recycle bin, but due to their damage many could not be confirmed. However, several videos were recovered and were confirmed as child pornography. Agents uncovered twenty (20) torrent files with the names of child porn files, indicating use of the BitTorrent network on this computer. Records of the uTorrent client to access the Bit Torrent network was found on the computer, but the client had been deleted.

7. The FBI was able to repair the broken black HP laptop, serial number 5CD51334FQ, found in the closet. Located within the RealPlayer images folder were in excess of 300 images of child pornography thumbnails, which were representations of the files that previously existed on the computer. The following search terms were located on this device: "nude teen xxx," "real teenage girls dark web," "real teenage girls 13 to 15," "real teenage girls 13 to 15 drunk," "pretty girls ages 12 13," little girls swimwear off," and "young girls shorts oops." In the computer's recycling bin, agents recovered videos of child pornography with access dates as far back as December 2015.

8. Both of these devices were manufactured outside of the State of Florida.

9. The defendant agrees and admits that no other person was responsible for the

downloading of the child pornography in question on the aforementioned devices, than the defendant.

10. Subsequent to the search warrant on December 4, 2017 at the defendant's residence, the defendant spoke with his then 13-year-old son at a movie theater on December 7, 2017. There, the defendant advised child what to tell the FBI if interviewed about the aforementioned child pornography, including that the child should say he used Bit Torrent and that the child pornography was from something called "LS Magazine." The defendant convinced the child to take responsibility for the child pornography saying that the child would only get a "slap on the wrist". The defendant further told the child, "if you do this, you'll be saving me."

11. Later that same evening, when the defendant and his son slept over the defendant's friend's house, the defendant encouraged his son to take responsibility for the child pornography. The child called his mother, and spoke to the defendant's friend saying, "it could have been me" regarding the child pornography. The child then remitted the same when formally interviewed on December 13, 2017 while the investigation of the defendant was pending. Subsequent to his statement, the child admitted that he made the statements during the interview at the direction of his father.

12. By agreeing to these facts, WUKOSON agrees the following elements of possession of child pornography, charged in Counts 1-6, would be proven beyond a reasonable doubt had this case gone to trial:

    a. the Defendant knowingly possessed one or more matters which contained any visual depiction of a minor engaged in sexually explicit conduct;

    b. the items of child pornography had been transported in interstate or foreign commerce including by computer;

  c. the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct; and

  d. the Defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct.

13. By agreeing to these facts, WUKOSON agrees the following elements of witness tampering, charged in Count 7, would be proven beyond a reasonable doubt had this case gone to trial:

  a. The defendant attempted to or did obstruct, influence, or impede any official proceeding; and

  b. The defendant acted corruptly.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 3/22/19 By: _____
GREGORY SCHILLER
ASSISTANT UNITED STATES ATTORNEY

Date: 3/22/19 By: _____
MICHAEL COHEN, ESQ.
ATTORNEY FOR DEFENDANT

Date: 3/22/19 By: _____
ALAN SCHLESINGER, ESQ.
ATTORNEY FOR DEFENDANT

Date: 3/22/19 By: _____
NICHOLAS WUKOSON
DEFENDANT